## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GENNA STEELE, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiff,

vs.                                   Case No. 3:20-cv-00731

EDUCATIONDYNAMICS, LLC

      Defendant.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Genna Steele brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.      Ms. Steele alleges that Defendant EducationDynamics, LLC, or a vendor on their behalf, sent her pre-recorded telemarketing calls for purposes of promoting their educational services without her prior express written consent.

3.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, she sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.      Plaintiff Genna Steele resides in this District.

6.      Defendant EducationDynamics, LLC is a Delaware limited liability company based in New Jersey and resides in this District.

**Jurisdiction & Venue**

7.      The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

8.      This Court has specific personal jurisdiction over EducationDynamics, LLC because it makes telemarketing calls into this District, including to the Plaintiff who has a Connecticut area code.

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the automated calls to the Plaintiff Steele—occurred from this District.

**Statutory Background**

THE TCPA

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.      The TCPA makes it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel.*

*Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

12.     These calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

THE GROWING PROBLEM OF AUTOMATED TELEMARKETING

13.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

14.     By 2003, telemarketers were calling 104 million Americans every day, abetted by the proliferation of new and more powerful autodialing technology. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

15.     Unfortunately, the problems Congress identified when it enacted the TCPA have only grown worse in recent years.

16.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

17.     According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day. www.robocallindex.com (last visited November 18, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id.*

18.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

### Factual Allegations

19.     Plaintiff Steele is a "person" as defined by 47 U.S.C. § 153(39).

20.     EducationDynamics is in the energy marketing business.

21.     To generate new customers, EducationDynamics relies on telemarketing.

22.     In fact, in December 2019 acquired call center assets. *See* https://www.prnewswire.com/news-releases/educationdynamics-announces-the-acquisition-of-key-assets-of-thruline-marketing-300967612.html (Last Visited May 9, 2020).

23.     The telemarketing that EducationDynamics engages in, itself or through a vendor, includes the use of pre-recorded messages.

24.     Ms. Steele's number, 203-XXX-4562, is assigned to a cellular telephone service.

25.     On April 15, 17 and 21, 2020, EducationDynamics, or a vendor on its behalf, called Ms. Steele on her cellular telephone number.

26.     The pre-recorded messages did not identify the defendant, as required by federal law.

27.     To learn the identity of the company calling him, Ms. Steele engaged the telemarketer and the calls were made to promote EducationDynamics online education services.

28.     The specific program offered by the Defendant to the Plaintiff was labeled a "back to school" program.

29.     This offer came after a series of pre-recorded messages regarding whether or not the call recipient was looking for a new job.

30.     The Plaintiff was not interested in any such program.

31.     EducationDynamics asked the Plaintiff to fill out an application with a series of questions that requested personal information and the Plaintiff refused.

32.     The Plaintiff did not provide her prior express written consent to receive such calls.

33.     Former employees have confirmed the cold call nature of the Defendant's program:

> This place is a sweat shop and the reason I will never work for another call center again in my life. You literally take probably 400 calls a day talking to ppl who are looking for jobs and get transferred to you with out their knowledge so that you can get cussed out by them because they never wanted to go to school. Calls are literally back to back for 8 hours straight.

*See* https://www.glassdoor.com/Reviews/EducationDynamics-Reviews-E321382.htm (Last Visited May 9, 2020).

34.     Ms. Steele and others who received these calls were temporarily deprived of legitimate use of their phones and their privacy was invaded.

## Class Action Allegations

35.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

36.     The proposed class is tentatively defined as:

> Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using identical or substantially pre-recorded messages and/or software used to place telephone calls to Plaintiff.

37.     The Plaintiff is a member of the class.

38.     Excluded from the classes are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

40.     Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

41.     There are questions of law and fact common to Plaintiff and the proposed class, including:

      a.     Whether the Defendant used pre-recorded messages to send telemarketing calls;

      b.     Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

      c.     Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

      d.     Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

42.     Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

43.     Plaintiff is an adequate representative of the class because her interests do not conflict with the class' interest, she will fairly and adequately protect the class' interests, and she is represented by counsel skilled and experienced in litigating TCPA class actions.

44.     The Defendant's actions are applicable to the class and to Plaintiff.

45.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

46.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

### Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting autodialed calls to cell phones

47.     The Defendant violated the TCPA by (a) initiating a telemarketing call using an automatic telephone dialing a pre-recorded message to a cellular telephone service without prior express written consent.

48.     The Defendant's violations were willful or knowing.

49.     The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendant from using pre-recorded messages, absent an emergency circumstance.

.

### Relief Sought

Plaintiff requests the following relief:

A.      That the Court certify the proposed class;

B.      That the Court appoint Plaintiff as class representative;

E.      That the Court appoint the undersigned counsel as counsel for the class;

F.      That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: May 28, 2020

> Plaintiff's Counsel,
>
> By:  */s/ Anthony I. Paronich*
>      Anthony Paronich
>      PARONICH LAW, P.C.
>      350 Lincoln Street, Suite 2400
>      Hingham, MA 02043
>      Telephone:  (617) 485-0018
>      Facsimile:   (508) 318-8100
>      Email: anthony@paronichlaw.com