## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**Genna Steele**, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff,

   -against-

**EducationDynamics, LLC**,

        Defendant.

CASE NO. 3:20-cv-00731-KAD

## DEFENDANT EDUCATIONDYNAMICS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND TO STRIKE CERTAIN ALLEGATIONS

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

INTRODUCTION ................................................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ............................................................................. 3

I.     APPLICABLE LEGAL STANDARDS ............................................................. 4

    A.    Fed. R. Civ. P. 8 – Federal Pleading Standards ................................. 4

    B.    Fed. R. Civ. P. 12(b)(1) and 12(b)(6) – Constitutional and Statutory Standing ..... 5

    C.    Fed. R. Civ. P. 12(b)(6) – Failure To State A Claim ............................ 6

    D.    Fed. R. Civ. P. 12(f) – Striking Impertinent, Immaterial Allegations ................... 6

ARGUMENT .................................................................................................................. 7

I.     THE COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING. .......................................................... 7

    A.    Plaintiff Fails to Plead Any Injury in Fact. ....................................... 7

    B.    Plaintiff Fails to Allege Facts Showing that Any Injury Was Fairly Traceable to Defendant. ....................................................................................... 8

    C.    Plaintiff Also Fails to Show that Her Claims Can Be Redressed by Defendant..... 9

II.    THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO SHOW STATUTORY STANDING. ........... 10

III.   PLAINTIFF'S AMBIGUOUS ALLEGATIONS FAIL TO MEET THE BASIC PLEADING REQUIREMENTS OF RULE 8. ................................................................. 12

IV.   THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM. .................................................................................... 14

    A.    Plaintiff Fails to Plead Facts Supporting the Elements Of A TCPA Claim.......... 14

    B.    Plaintiff Fails to State a Claim for Direct TCPA Liability Because She Fails to Plead Facts that Defendant Physically Placed the Calls at Issue. ......................... 14

    C.    Plaintiff Pleads No Facts To Establish A Vicarious Liability Claim.................... 16

        1.    *Vicarious Liability Under the TCPA Requires a Special Relationship With and Control Over an Agent by the Alleged Principal.* .............................. 16

        2.    *Plaintiff Pleads No Facts Supporting A Vicarious Liability Theory.* ....... 18

    D.    Plaintiff Pleads No Facts Supporting Her Conclusion that the Calls Were Made With a Pre-Recorded Voice or Using an ATDS. .................................................. 19

V.    PLAINTIFF'S IMPROPER ALLEGATIONS SHOULD BE STRICKEN PURSUANT TO FED. R. CIV. P. 12(F). .......................................................................................... 21

CONCLUSION.................................................................................................................. 23

# TABLE OF AUTHORITIES

## CASES

*Aaronson v. CHW Grp., Inc.*,
No. 1:18-cv-1533, 2019 WL 8953349 (E.D. Va. Apr. 15, 2019) ............................................20

*ACA Int'l v. Fed. Commc'ns Comm'n*,
885 F.3d 687 (D.C. Cir. 2018) ............................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................6, 20

*Bank v. All. Health Networks, LLC*,
No. 15-CV-213 JG VMS, 2015 WL 4645317 (E.D.N.Y. Aug. 4, 2015), *aff'd*, 669 F.
App'x 584 (2d Cir. 2016) ............................................17

*Bank v. CreditGuard of Am.*,
No. 18CV1311PKCRLM, 2019 WL 1316966 (E.D.N.Y. Mar. 22, 2019) ............................................8

*Bank v. Philips Electronics North Am. Corp.*,
No. 14–CV–5312 (JG)(VMS), 2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015) ............................................17

*Bank v. Vivint Solar, Inc.*,
No. 18-CV-2555 (MKB), 2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019),
*report and rec. adopted*, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019)............................................15, 16, 17

*Baranski v. NCO Fin. Sys., Inc.*,
No. 13 CV 6349 ILG JMA, 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014)............................................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................4, 6

*Casper Sleep, Inc. v. Mitcham*,
204 F. Supp. 3d 632 (S.D.N.Y. 2016)............................................5

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)............................................7

*Curry v. Synchrony Bank, N.A.*,
No. 1:15CV322–LG–RHW, 2015 WL 7015311 (S.D. Miss. Nov. 12, 2015)............................................21

*Duran v. La Boom Disco, Inc.*,
369 F. Supp. 3d 476 (E.D.N.Y. 2019), *vacated and remanded on other grounds*,
No. 19-600-CV, 2020 WL 1682773 (2d Cir. Apr. 7, 2020) ............................................10

*Duran v. Wells Fargo Bank, N.A.*,
878 F. Supp. 2d 1312 (S.D. Fla. 2012) ............................................20

*Equal Vote Am. Corp. v. Cong.*,
397 F. Supp. 3d 503 (S.D.N.Y. 2019)............................................5

*Evenson v. Northeastern Asset Recovery, Inc.*,
16-cv-1070(ADS)(AKT), 2017 WL 2804937 (E.D.N.Y. Jun. 27, 2017)............................................17

*Ganske v. Mensch*,
No. 19-CV-6943 (RA), 2020 WL 4890423 (S.D.N.Y. Aug. 20, 2020)...................22

*Holland v. JPMorgan Chase Bank, N.A.*,
No. 19 CIV. 00233 (PAE), 2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019).............9

*Impulsive Music v. Pomodoro Grill, Inc.*,
No. 08-CV-6293, 2008 WL 4998474 (W.D.N.Y. Nov. 19, 2008) ...................6, 21

*In re Easysaver Rewards Litig.*,
737 F. Supp. 2d 1159 (S.D. Cal. 2010)...............................................22, 23

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
402 F. Supp. 2d 434 (S.D.N.Y. 2005).........................................................21

*Jackson v. Caribbean Cruise Line, Inc.*,
88 F. Supp. 3d 129 (E.D.N.Y. 2015) ...............................14, 15, 17, 18

*Jones v. Royal Admin. Servs., Inc.*,
887 F.3d 443 (9th Cir. 2018) ...................................................................18

*Katz v. Donna Karan Co., LLC*,
872 F.3d 114 (2d Cir. 2017)........................................................................5

*Kopff v. World Research Grp., LLC*,
568 F. Supp. 2d 39 (D.D.C. 2008)..............................................................11

*Lexmark Int'l, Inc Digital v. Static Control Components, Inc.*,
572 U.S. 118 (2014).....................................................................................8

*Leyse v. Bank of Am., Nat. Ass'n*,
No. 09 Civ. 7654(JGK), 2010 WL 2382400 (S.D.N.Y. June 14, 2010)..............7, 11, 12

*Leyse v. Clear Channel Broadcasting, Inc.*,
No. 05 CV 6031 HB, 2006 WL 23480 (S.D.N.Y. Jan. 5, 2006),
*aff'd*, 301 F.App'x. 20 (2d Cir. 2008)..................................................10

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).............................................................................5, 7, 9

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)........................................................................5

*Martin v. Direct Wines, Inc.*,
No. 15 C 757, 2015 WL 4148704 (N.D. Ill. July 9, 2015) ...........................21

*MC1 Healthcare, Inc. v. United Health Grp., Inc.*,
No. 3:17-CV-01909 (KAD), 2019 WL 2015949 (D. Conn. May 7, 2019),
*on reconsideration in part*, 2019 WL 3202965 (D. Conn. July 16, 2019) ...................5, 12, 13

*McCabe v. Lifetime Entm't Servs., LLC*,
17-CV-908-ERK-SJB, 2018 WL 1521860 (E.D.N.Y. Jan. 4, 2018), *subsequently*
*aff'd*, 761 F. App'x 38 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 81, 205 L. Ed. 2d 27
(2019)......................................................................................................10

*McReynolds v. Lowe's Cos. Inc.*,
No. CV08–335–S–EJL, 2008 WL 5234047 (D. Idaho Dec. 12, 2008) ...................................22

*Melito v. Am. Eagle Outfitters, Inc.*,
14-CV-02440 (VEC), 2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) ............................ passim

*Mims v. Arrow Fin. Servs., LLC*,
132 S. Ct. 740 (2012) .....................................................................................................7

*Nordstrom, Inc. v. NoMoreRack Retail Grp., Inc.*,
No. C12–1853–RSM, 2013 WL 1196948 (W.D. Wash. Mar. 25, 2013) .........................22, 23

*Oram v. SoulCycle LLC*,
979 F. Supp. 2d 498 (S.D.N.Y. 2013) ............................................................................23

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan
Stanley Inv. Mgmt. Inc.*,
712 F.3d 705 (2d Cir. 2013) ...........................................................................................6

*Praseuth v. Werbe*,
99 F.3d 402 (2d Cir. 1995) .........................................................................................4, 12

*Red Ball Interior Demolition Corp. v. Palmadessa*,
908 F. Supp. 1226 (S.D.N.Y. 1995) ................................................................................6

*Reyes v. Sofia Fabulous Pizza Corp.*,
No. 13-CV-7549 (LAK) (JCF), 2014 WL 12768922 (S.D.N.Y. Apr. 7, 2014), *report
and rec. adopted*, 2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014) ..............................................5

*Roberts v. Target Corp.*,
No. CIV-11-0951-HE, 2012 WL 12848199 (W.D. Okla. Dec. 5, 2012) ................................22

*Rodriguez v. Premier Bankcard, LLC*,
No. 3:16CV2541, 2018 WL 4184742 (N.D. Ohio Aug. 31, 2018) .........................................10

*Salahuddin v. Cuomo*,
861 F.2d 40 (2d Cir. 1988) .............................................................................................12

*Shcherb v. Angi Homeservices Inc.*,
No. 1:19-CV-367-MKV, 2020 WL 2571041 (S.D.N.Y. May 21, 2020) ................................17

*Simmons v. Charter Commc'ns, Inc.*,
222 F. Supp. 3d 121 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) .......................10

*Snyder v. Perry*,
No. 14–CV–2090 (CBA)(RER), 2015 WL 1262591 (E.D.N.Y. Mar. 18, 2015) ...................20

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) .....................................................................................................7

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*,
76 F. Supp. 2d 773 (S.D. Tex. 1999) ............................................................................22, 23

*Sterling v. Securus Techs., Inc.*,
No. 3:18-CV-1310 (VAB), 2019 WL 3387043 (D. Conn. July 26, 2019) .................12, 14, 18

*Sterling v. Securus Techs., Inc.*,
  No. 3:18-CV-1310 (VAB), 2020 WL 2198095 (D. Conn. May 6, 2020) ........................14, 20

*Strubel v. Comenity Bank*,
  842 F.3d 181 (2d Cir. 2016)................................................................................................5

*Town of Babylon v. Fed. Hous. Fin. Agency*,
  699 F.3d 221 (2d Cir. 2012)................................................................................................9

*Trademark Properties, Inc. v. A & E Tel. Net.*,
  C.A. No. 2:06–cv–2195–CWH, 2008 WL 4811461 (D.S.C. Oct. 28, 2008) ..................22, 23

*Trumper v. GE Capital Retail Bank*,
  Civ. No. 2:14–cv–01211 (WJM), 2014 WL 7652994 (D.N.J. July 7, 2014)....................19, 20

*Tucker v. Am. Int'l Grp., Inc.*,
  936 F. Supp. 2d 1 (D. Conn. 2013)......................................................................................6

*Walczak v. Pratt & Whitney*,
  No. 3:18-CV-563 (VAB), 2019 WL 145526 (D. Conn. Jan. 9, 2019) ............................21, 23

*Wick v. Twilio Inc.*,
  No. C16-00914RSL, 2017 WL 2964855 (W.D. Wash. July 12, 2017)................................16

*Zanotti v. Invention Submission Corp.*,
  No. 18-CV-5893 (NSR), 2020 WL 2857304 (S.D.N.Y. June 2, 2020)..................................8

## STATUTES

47 U.S.C. § 227, *et seq.*.......................................................................................... passim

## OTHER AUTHORITIES

47 C.F.R. § 64.1200, *et seq.*...........................................................................................13, 14

30 FCC Rcd. 7961 (Jul. 10, 2015) ...................................................................................10, 14

Restatement § 1.01 (2006) ....................................................................................................16

## RULES

Fed. R. Civ. P. 8 ................................................................................................... passim

Fed. R. Civ. P. 12(b)(1)........................................................................................1, 5, 7, 9

Fed. R. Civ. P. 12(b)(6)......................................................................................... passim

Fed. R. Civ. P. 12(f)..........................................................................................1, 3, 6, 21

## PRELIMINARY STATEMENT

Defendant EducationDynamics, LLC ("Defendant" or "EDDY") respectfully submits the following memorandum of law in support of its Motion to Dismiss Plaintiff's Class Action Complaint (*see* Dkt. 1, "Complaint" or "Compl.") and Strike Certain Allegations filed by Plaintiff Genna Steele ("Plaintiff") in the above-captioned matter pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f).

## INTRODUCTION

Plaintiff's putative class action complaint rests solely on conclusory and vague allegations that EDDY violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and is replete with inconsistencies that make it patently clear that Plaintiff does not know (i) whether she or a male "call recipient" answered the call; (ii) who called her; (iii) what type of technology, if any, was used to place the call; and (iv) the provision of the TCPA under which she brings her claims. Plaintiff's Complaint should be dismissed in its entirety, for at least the following reasons:

***First***, the Court should dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff cannot meet the requisite elements for Article III standing. In this regard, Plaintiff fails to allege "injury in fact," let alone any specific facts explaining what conduct is attributable to EDDY or how that conduct is traceable to the harm Plaintiff allegedly suffered. Plaintiff also has not established how injunctive or monetary relief from EDDY will redress allegedly injurious conduct caused by unknown third parties.

***Second***, the Court should dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), as Plaintiff lacks statutory standing and is not in the zone of interests of the TCPA. Namely, Plaintiff bases her claims solely on her alleged receipt of calls on a cellular phone containing pre-recorded messages, but fails to allege that she is the sole

subscriber or customary user of the phone and instead, vaguely references an unnamed "call recipient." Further, Plaintiff alleges that she engaged with the *live caller* to learn the identity of the company calling "him." To the extent Plaintiff answered calls intended for another user or subscriber of the phone calls, she is not within the zone of interests the TCPA seeks to protect.

***Third***, the Complaint fails to meet basic federal pleading standards under Rule 8, as Plaintiff asserts a conglomerate claim alleging the use of an "automatic telephone dialing a pre-recorded message"—an amalgamation of two (2) different technologies covered by the TCPA's automated calling provisions (*i.e.* "automatic telephone dialing system" ("ATDS") *or* "pre-recorded message")—and fails to identify which section of the TCPA was purportedly violated.

***Fourth***, the Court should also dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to sufficiently allege claims under the TCPA or sufficient facts to support them and the facts alleged are contradictory. To begin, while Plaintiff does not make clear whether she seeks to hold EDDY directly or vicariously liable, she fails to plead sufficient facts showing EDDY either (i) took any "steps to physically" make the call at issue, as required for direct TCPA liability or (ii) had an agency relationship with or control over any third parties who did, as required for vicarious TCPA liability. Instead, Plaintiff merely speculates, without supporting facts, that the calls were made either by Defendant or by a "vendor" on its behalf.

Further, it is unclear which of the TCPA's provisions Plaintiff was attempting to invoke in this case. The Complaint is inconsistent as to whether it asserts claims based on Plaintiff's alleged receipt of pre-recorded messages or autodialed calls. To the extent the Complaint is alleging autodialed calls, it is woefully deficient as it fails to plead any facts supporting this conclusion whatsoever. In addition, Plaintiff bases her claims on the alleged receipt of pre-

recorded messages that *did not identify* EDDY, that she alleges may have been placed by EDDY *or an unidentified vendor*, and that she may have intercepted from a male "call recipient." These deficiencies likewise warrant dismissal of Plaintiff's entire Complaint under Rule 12(b)(6).

**Lastly**, while the Complaint should be dismissed for the myriad reasons above, it also interjects immaterial and impertinent allegations from an anonymous post on a third-party website which has nothing to do with the case at bar. Thus, should the Court not dismiss the Complaint, it should strike these improper allegations from the Complaint under Rule 12(f).

## RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges that on April 15, 17, and 21, 2020, she received calls on "her cellular telephone number" (203-XXX-4562) that she believes were placed by "[EDDY], or a vendor on its behalf" (*see* Compl. ¶¶ 24-25), or on behalf of some other entity. *See id.* ¶ 2 (alleging Defendant "or a vendor on *their* behalf" placed the calls). However, she fails to identify the number(s) that called her, nor does she allege any connection between those numbers and EDDY or the unidentified vendor. Indeed, she alleges that the "pre-recorded messages *did not identify the defendant*." *See id.* ¶ 26 (emphasis added). Further, she fails to identify whether she answered each of the calls on the dates alleged and if so, how many.

Plaintiff alleges that on one occasion, she "engaged" with a live person, to learn that the calls were made to promote EDDY's "online educational services." *Id.* ¶ 27. Moreover, she purportedly heard "a series of pre-recorded messages" regarding job opportunities prior to hearing an "offer" regarding an educational program. *Id.* ¶¶ 28-29. Plaintiff does not allege the substance of the pre-recorded messages or live conversation. She does not allege that the caller identified themselves as an employee of EDDY. Further, she alleges she was "temporarily deprived of legitimate use of [her] phone[]," despite remaining on the call to "engage[] the telemarketer" for investigative purposes. *See id.* ¶¶ 27, 34.

Additionally, Plaintiff alleges the calls were placed to an unidentified male "call recipient" that Plaintiff may have a connection to, as she alleges that she sought "[t]o learn the identity of the company calling **him**." *Id.* ¶¶ 27, 29. Plaintiff alleges she "did not provide her prior express written consent" to receive the calls at issue, but does not allege, perhaps purposefully so, that she is the sole subscriber or customary user of the phone number or that the call was intended for her. *See id.* ¶ 32; *see also id.* ¶ 2.

Plaintiff also makes numerous references to pre-recorded messages (*see* Compl. ¶¶ 2, 23, 26, 29, 36, 41(a)) and even requests injunctive relief based on pre-recorded messages (*see id.* ¶¶ 49, Relief Sought, Section F), yet purportedly asserts a "[v]iolation of the TCPA's provisions prohibiting autodialed calls." *Id.* at 7 (Count One); *id.* ¶ 47 (asserting violation based on use of an "**automatic telephone dialing a pre-recorded message**"). In this regard, the Complaint contains no factual allegations regarding the use of an autodialer. The remainder of Plaintiff's allegations are formulaic and speculative, lacking factual support to her one-count Complaint. *See, e.g.*, *id.* ¶¶ 10-18; 47-49.

## I.    APPLICABLE LEGAL STANDARDS

### A.    Fed. R. Civ. P. 8 – Federal Pleading Standards

To meet the basic federal pleading requirements of Fed. R. Civ. P. 8, a plaintiff must allege, *inter alia*, a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2). This "short and plain statement" must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). (internal quotations omitted). "Failure to comply with Rule 8(a) may result in dismissal of a complaint." *Praseuth v. Werbe*, 99 F.3d 402, 402 (2d Cir. 1995).

**B.      Fed. R. Civ. P. 12(b)(1) and 12(b)(6) – Constitutional and Statutory Standing**

Because "standing is necessary to our jurisdiction," a federal court must determine standing at the outset. *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016); *see Equal Vote Am. Corp. v. Cong.*, 397 F. Supp. 3d 503, 507 (S.D.N.Y. 2019) ("'The irreducible constitutional minimum' necessary to establish subject matter jurisdiction is standing.") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

To survive a motion to dismiss for lack of standing, a plaintiff must allege facts that, when accepted as true, "affirmatively and plausibly suggest that it has standing to sue." *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-CV-7549 (LAK) (JCF), 2014 WL 12768922, at *2 (S.D.N.Y. Apr. 7, 2014), *report and rec. adopted*, 2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014). A facial challenge to Article III standing under Rule 12(b)(1) may be "based solely on the allegations of the complaint or the complaint and [any] exhibits attached." *Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017) (quotation omitted). The party asserting subject matter jurisdiction has the burden to prove the Court's jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In addition, a plaintiff must have statutory standing under the law being invoked. *See Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 637-38 (S.D.N.Y. 2016). This assessment was previously part of the "prudential standing" analysis or a "separate aspect of standing" but courts now address it under Rule 12(b)(6). *See id.* at 637 ("[T]he inquiries traditionally undertaken under the 'prudential standing' rubric (e.g., the zone-of-interests test) . . . simply go to whether the particular plaintiff 'has a cause of action under the statute.'") (internal citations omitted); *see also MC1 Healthcare, Inc. v. United Health Grp., Inc.*, No. 3:17-CV-01909 (KAD), 2019 WL 2015949, at *2 (D. Conn. May 7, 2019) (**Dooley, J.**), *on reconsideration in part*, 2019 WL 3202965 (D. Conn. July 16, 2019) (a motion to dismiss for lack of "'statutory

standing' is properly analyzed under Rule 12(b)(6)").

### C.     Fed. R. Civ. P. 12(b)(6) – Failure To State A Claim

Fed. R. Civ. P. 12(b)(6) provides for dismissal where a plaintiff fails to allege sufficient facts. *Twombly*, 550 U.S. at 556-57. "Bare assertion[s]" or "conclusory allegations" will not suffice. *Id.* Nor will a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 724 (2d Cir. 2013) (affirming dismissal where plaintiff "does not support its [] claim with factual allegations sufficient to elevate it from the realm of mere 'legal conclusions'") (citing *Iqbal*, 556 U.S. at 679); *Melito v. Am. Eagle Outfitters, Inc.*, 14-CV-02440 (VEC), 2015 WL 7736547, at *4-5 (S.D.N.Y. Nov. 30, 2015) ("[L]egal conclusion[s] couched as factual allegation[s]" will not prevent dismissal.). Instead, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Twombly*, 550 U.S. at 556. If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570.

### D.     Fed. R. Civ. P. 12(f) – Striking Impertinent, Immaterial Allegations

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Whether to grant or deny a motion to strike is vested in the trial court's sound discretion." *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013). "[M]otions to strike . . . may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." *Impulsive Music v. Pomodoro Grill, Inc.*, No. 08-CV-6293, 2008 WL 4998474, at *2 (W.D.N.Y. Nov. 19, 2008) (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 908 F. Supp. 1226, 1241-42 (S.D.N.Y. 1995)).

<u>**ARGUMENT**</u>

I.    **THE COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING.**

The Court should dismiss the Complaint pursuant to Rule 12(b)(1) for lack of Article III standing because Plaintiff fails to plead sufficient facts demonstrating the essential requirements of injury in fact, causation or redressability.

A.    <u>**Plaintiff Fails to Plead Any Injury in Fact.**</u>

For constitutional standing, the "first and foremost" of Article III's requirements is injury in fact. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). To establish an injury in fact, a plaintiff must allege an injury that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409-10 (2013). Plaintiff has failed to allege any such injury.

Congress enacted the TCPA to remedy "certain practices invasive of privacy" and "intrusive nuisance calls." *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). But Plaintiff has not alleged any facts establishing an "actual or imminent" invasion of privacy here. To start, the allegations in the Complaint suggest the calls at issue were live in nature and not prerecorded. *See* Compl. ¶ 27; *see* discussion at Section D, *infra*. The Complaint pleads no facts from which one could infer that Plaintiff received the type of call contemplated by the TCPA and thus she has failed to allege a concrete injury.

Further, to the extent Plaintiff shares the phone number at issue with another user, as the allegations suggest, and answered a call intended for a user who provided consent, she has not sustained a concrete injury. *See* Compl. ¶¶ 27, 29; *see Leyse v. Bank of Am., Nat. Ass'n*, No. 09 Civ. 7654(JGK), 2010 WL 2382400, at *5 (S.D.N.Y. June 14, 2010) (summary order)

(dismissing on motion to dismiss for lack of standing where plaintiff "was an unintended and incidental recipient of the call" and where intended recipient provided consent). In this regard, any purported invasion of privacy was of her own making. *See* Compl. ¶ 34.

Moreover, Plaintiff's decision to remain on the line in order to learn the identity of the caller and listen to "a series of pre-recorded messages" does not suffice as injury. *See* Compl. ¶ 27; *see Bank v. CreditGuard of Am.*, No. 18CV1311PKCRLM, 2019 WL 1316966, at *11 (E.D.N.Y. Mar. 22, 2019) (rejecting allegation that plaintiff was injured by a prerecorded call where he remained on the phone with a live agent for investigatory purposes). Indeed, allegations that she was "temporarily deprived of legitimate use of [her] phone[]" are undermined by her own alleged actions. *See id.* Accordingly, Plaintiff has not alleged any concrete or particularized injury, let alone one that is actual or imminent. For these reasons, Plaintiff fails to meet the injury in fact requirement for Article III standing and the Complaint should be dismissed.

## B. <u>Plaintiff Fails to Allege Facts Showing that Any Injury Was Fairly Traceable to Defendant.</u>

Causation for Article III standing purposes requires that the "injury in fact" be "fairly traceable" to the defendant's conduct. *Lexmark Int'l, Inc Digital v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). Plaintiff fails to plead sufficient facts showing, *inter alia*: (i) any conduct directly or indirectly attributable to EDDY; (ii) any basis for concluding that the party who initiated the call is an agent of EDDY; (iii) that there is any relationship between EDDY and any third party who made the call; or (iv) what control, if any, EDDY had over that third party. *See Zanotti v. Invention Submission Corp.*, No. 18-CV-5893 (NSR), 2020 WL 2857304, at *8 (S.D.N.Y. June 2, 2020) (dismissing TCPA claims where "Plaintiffs [had] not adequately pleaded an injury-in-fact that is fairly traceable to the challenged conduct" where "the line of

causation is bound exclusively by hypothetical, conclusory, and implausible assertions of a 'grand scheme.'"); *Holland v. JPMorgan Chase Bank, N.A.*, No. 19 CIV. 00233 (PAE), 2019 WL 4054834, at *7 (S.D.N.Y. Aug. 28, 2019) (finding plaintiff's injury was not fairly traceable to the conduct of JPMC because plaintiff "failed to present a factual basis supporting his assertion that JPMC itself made any of the robocalls").

Plaintiff also fails to allege the phone number that called her or other basic facts from which this conclusion might be inferred. Indeed, Plaintiff pleads that the pre-recorded messages "*did not identify* the defendant." Compl. ¶ 26. These allegations directly contradict her bald conclusion that any purported injury is traceable to EDDY. Because she fails to allege facts showing injury that is fairly traceable to EDDY, Plaintiff lacks Article III standing.

**C.** **Plaintiff Also Fails to Show that Her Claims Can Be Redressed by Defendant.**

Redressability means a non-speculative "likel[ihood] that the injury alleged will be remedied "by a favorable decision." *See Lujan*, 504 U.S. at 560-61. Plaintiff pleads no facts showing any conduct attributable *to* EDDY, and thus any purported injury is not capable of being redressed *by* EDDY. Further, imposing damages on EDDY will not prevent the allegedly unlawful conduct of any of the unidentified third parties who may have made the call in question. Even Plaintiff's requested injunctive relief (Compl. ¶ 49) cannot be redressed because enjoining EDDY cannot prevent unidentified third parties from placing calls to the telephone number at issue. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 230 (2d Cir. 2012) (affirming dismissal where "appellants have failed to show that it is likely, as opposed to merely speculative, that their claims. . . would be redressed" by a favorable decision). Accordingly, Plaintiff fails to meet the redressability requirement for Article III standing.

Therefore, the Complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

## II.    THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO SHOW STATUTORY STANDING.

The TCPA makes it unlawful for any person "to make any call (other than a call . . . made *with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

The statute does not define "called party," but the Federal Communications Commission ("FCC") has recognized that "called party" can encompass individuals who are not the official plan subscriber, but "due to their relationship to the subscriber, are the number's customary user."  30 FCC Rcd. 7961, 8000-01 (Jul. 10, 2015).[2]  The type of "customary user" the FCC envisioned is either "a close relative on a subscriber's family calling plan or an employee on a company's business calling plan."  *Id.*; *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 707 (D.C. Cir. 2018) ("The ruling accepts that a caller can rely on consent given by a wireless number's 'customary user' ('such as a close relative on a subscriber's family calling plan'), rather than by the subscriber."); *see also Duran v. La Boom Disco, Inc.*, 369 F. Supp. 3d 476, 481 (E.D.N.Y. 2019) (non-subscriber plaintiff was a customary user where his phone number was on a family plan subscribed to by his mother), *vacated and remanded on other grounds*, No.

---

[1] Because Plaintiff lacks Article III standing for her individual claim against EDDY, she also lacks standing to pursue a nationwide class action for those claims.  *See McCabe v. Lifetime Entm't Servs., LLC*, 17-CV-908-ERK-SJB, 2018 WL 1521860, at *10 (E.D.N.Y. Jan. 4, 2018), *subsequently aff'd*, 761 F. App'x 38 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 81, 205 L. Ed. 2d 27 (2019) ("Dismissal of the only named class member's claim disposes of the class action: the class action is deemed to be moot").

[2] "[B]ecause the determination was a final order of the FCC, the interpretation must be afforded *Chevron* deference."  *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 132 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) (affording *Chevron* deference to FCC final order interpreting the TCPA); *Leyse v. Clear Channel Broadcasting, Inc.*, No. 05 CV 6031 HB, 2006 WL 23480, at *3 (S.D.N.Y. Jan. 5, 2006), *aff'd*, 301 F.App'x. 20 (2d Cir. 2008).

19-600-CV, 2020 WL 1682773 (2d Cir. Apr. 7, 2020); *Rodriguez v. Premier Bankcard, LLC*, No. 3:16CV2541, 2018 WL 4184742, at *1 (N.D. Ohio Aug. 31, 2018) (wife was customary user of phone number where her husband was the subscriber to a cell phone account).

Courts have found that where a call is intended for a person from whom consent has been obtained but another person answers the call, the unintended recipient lacks statutory standing to pursue a TCPA claim. *See Leyse*, 2010 WL 2382400, at *5 ("If [defendant] had the prior express consent of Dutriaux to place the call to her residence, it would be free to call [her] regardless of whether [she] was the residential telephone subscriber."); *Kopff v. World Research Grp., LLC*, 568 F. Supp. 2d 39, 42 (D.D.C. 2008) (plaintiff (husband's assistant) lacked standing to pursue TCPA claim based on receipt of a fax specifically addressed to her husband because "where there is a specific, existing addressee . . . the TCPA cause of action is his, and not his staff's, regardless of the fact that the 'staff' in this case is his wife").

Here, Plaintiff alleges that the calls were addressed to *a male*, and that she engaged the caller "[t]o learn the identity of the company calling **him**." Compl. ¶ 27. She also vaguely alleges that the calls asked "whether or not **the call recipient** was looking for a new job," but fails to allege that *she* (i.e., Plaintiff) was "*the call recipient.*" *Id.* ¶ 29. Moreover, Plaintiff's Complaint fails to allege that she is the **sole** subscriber or customary user of the phone number. Nor does she allege any facts concerning the **call recipient's** consent or lack thereof. To the extent another customary user or subscriber of the phone provided consent to receive the calls at issue, as Plaintiff's cagey allegations suggest, Plaintiff's alleged lack of consent "to receive such calls" is insufficient to survive dismissal. *See id.* ¶ 32; *see Leyse*, 2010 WL 2382400, at *5 ("To find otherwise would mean that when a business calls a person with a prerecorded message, that business could be liable to any individual who answers the phone"). Moreover, to the extent

another subscriber or user of the phone is the "called party," Plaintiff is not within the "zone of interests" that the TCPA was designed to protect. *See Leyse*, 2010 WL 2382400, at *5.

Since the facts concerning the identity of the "call recipient" are vague and inconsistent, Plaintiff has failed to allege facts sufficient to show that the TCPA cause of action is *hers* rather than that of a consenting party. Accordingly, the Complaint should be dismissed.

## III. PLAINTIFF'S AMBIGUOUS ALLEGATIONS FAIL TO MEET THE BASIC PLEADING REQUIREMENTS OF RULE 8.

The Court should also dismiss the Complaint for its failure to comply with the basic pleading requirements set forth in Rule 8 since it does not give Defendant "fair notice of the claim asserted so as to enable [it] to answer." *MC1 Healthcare, Inc.*, 2019 WL 2015949, at *7 (**Dooley, J.**) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) and collecting cases).

Dismissal is appropriate where a complaint is "so confusing as to overwhelm [Defendant's] ability to understand or to mount a defense." *See MC1 Healthcare, Inc.*, 2019 WL 2015949, at *7 (internal citations and quotation marks omitted); *see also Praeuth*, 99 F. 3d at 402 (unpublished) (affirming dismissal under Rule 8 where plaintiff "failed to supply a comprehensible complaint"). Dismissal is also appropriate where a plaintiff alleges "no facts whatsoever" against the defendant. *See Sterling v. Securus Techs., Inc.*, No. 3:18-CV-1310 (VAB), 2019 WL 3387043, at *4 (D. Conn. July 26, 2019) (dismissing TCPA claims under Rule 8 and 12(b)(6) for failure to allege relevant conduct or defendant's connection to the claims).

First, Plaintiff alleges EDDY "is in the energy marketing business" despite her allegations that the calls "were made to promote EducationDynamics online education services" and job opportunities. *See* Compl. ¶¶ 20, 27-29. In this regard, the Complaint is "so confusing" as to whether she seeks to hold an "energy marketing business" or EDDY (or some third-party vendor) liable for the calls at issue. *See MC1 Healthcare, Inc.*, 2019 WL 2015949, at *7.

Further, the Complaint fails to identify the section of the TCPA that was purportedly violated. *See generally* Compl; *see also* Compl. at 7 (Count One). Moreover, Plaintiff seeks to recover for "autodialed" calls despite pleading only pre-recorded messages throughout her Complaint. For example, Count One of the Complaint is titled "Violation of the TCPA's provisions prohibiting **autodialed** calls to cell phones," yet the Complaint does not contain a single factual allegation regarding *any* use of an autodialer (also known as an automatic telephone dialing system) to place the calls at issue. *See* Compl. at 7 (Count One) (emphasis added).[3]

Additionally, Plaintiff confusingly alleges EDDY "initiat[ed] a telemarketing call using an **automatic telephone dialing a pre-recorded message** . . . ." Compl. ¶ 47 (emphasis added). This appears to be a mash-up of two distinct technologies identified in the TCPA, only one of which is subject to several sections of the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)-(B), (d)(3); *see also* 47 C.F.R. § 64.1200(a)(1)-(3), (b). Moreover, these references stand in stark contrast to the Complaint's allegations regarding the use of pre-recorded messages. *See id.* ¶¶ 2 (EDDY or a vendor "sent her pre-recorded telemarketing calls"), 23 (EDDY engages in telemarketing including "the use of pre-recorded messages"), 26 (the "pre-recorded messages did not identify the defendant"), 29 (Plaintiff heard a "series of pre-recorded messages"), 41(a) (common questions among the class include whether EDDY "used pre-recorded messages"), 49 (seeking injunctive relief prohibiting the use of pre-recorded messages), Relief Sought ¶ F (same). Thus, it is unclear what type of claim Plaintiff is alleging against EDDY.

For these reasons, EDDY does not have fair notice of the claims asserted against it and cannot mount an adequate defense. As a result, the Complaint should be dismissed for failure to

---

[3] To the extent Plaintiff attempts to assert a claim that Defendant initiated a call using an automatic telephone dialing system ("ATDS"), she fails to do so. *See* Section D.

satisfy the pleading requirements of Rule 8. *See e.g.*, *MCI Healthcare, Inc.*, 2019 WL 2015949, at *7 ("[T]he Court concludes that Count One does not meet the pleading requirements of Rule 8" because "[defendant] does not have fair notice as to the claims asserted and cannot defend the claims in a meaningful or orderly manner."); *Sterling*, 2019 WL 3387043, at *4.

## IV. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM.

### A. Plaintiff Fails to Plead Facts Supporting the Elements Of A TCPA Claim.

In pertinent part, the TCPA provides that no person shall "initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing" to a cellular telephone service "using an automatic telephone dialing system or an artificial or prerecorded voice . . . [without] the prior express written consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2). Therefore, to state a claim, Plaintiff must plausibly allege that EDDY (1) made a telephone call (2) to a cellular phone, (3) using an automatic dialing system, artificial or prerecorded voice, (4) without the express consent of the recipient. *See Melito*, 2015 WL 7736547, at *4-7; *see also Sterling*, 2020 WL 2198095, at *3. Plaintiff fails to adequately plead sufficient facts supporting these elements for numerous reasons, thus warranting dismissal.

### B. Plaintiff Fails to State a Claim for Direct TCPA Liability Because She Fails to Plead Facts that Defendant Physically Placed the Calls at Issue.

Only the person who takes the steps necessary to ***physically*** place a call "makes" or "initiates" a call for purposes of imposing direct liability under the TCPA. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd. 7961, 7980 (Jul. 10, 2015) ("2015 FCC Order") (clarifying that there must be a "direct connection between a person or entity and the making of a call" for direct TCPA liability); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015) ("By its terms,

47 U.S.C. § 227(b)(1)(A)(iii), assigns civil liability only to the party who 'makes' a call."). Thus, federal courts routinely reject direct TCPA liability claims, like the one alleged here, lacking sufficient (or any) facts regarding the defendant's initiation of the calls. *See, e.g.*, *Melito*, 2015 WL 7736547, at *4-5 (dismissing TCPA claims and noting that "none of plaintiffs' factual allegations, even if accepted as true, establishes direct liability on [defendant's] part under the TCPA because, put simply, none of those actions involves the making, or physical placement, of a text message"); *Bank v. Vivint Solar, Inc.*, 18-CV-2555 (MKB), 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) (dismissing direct liability claim where there was "an insufficient basis upon which to infer that Vivint made [the initial call]").

Here, the Complaint does not meet the well-settled pleading requirements for a direct liability claim since it merely alleges in conclusory fashion that "Defendant violated the TCPA by (a) initiating a telemarketing call using an automatic telephone dialing a pre-recorded message." Compl. ¶ 47; *Id.* ¶ 36 ("Defendant placed" calls to the putative class). But the Complaint alleges *no facts* showing that EDDY physically made the calls. For example, the Complaint fails to allege the phone number that called Plaintiff, let alone that it belonged to EDDY. In fact, Plaintiff alleges that the "pre-recorded messages ***did not identify the defendant***." Compl. ¶ 26 (emphasis added).

Plaintiff's conclusion that EDDY may have placed the calls, despite her failure to allege any facts tying EDDY to the placement of the calls, does not suffice to state a claim under the TCPA. *See, e.g.*, *Melito*, 2015 WL 7736547 at *4 (granting motion to dismiss because "none of [defendant's] actions involves the making, or physical placement, of a text message"); *Jackson*, 88 F. Supp. 3d at 138 (granting motion to dismiss where plaintiff failed to plausibly allege

defendant "'made' the relevant text messages"); *Bank v. Vivint Solar, Inc.*, 2019 WL 1306064, at *4 (dismissing claims where "there are no factual allegations to support the conclusory statement that Defendant placed or directed the placement of the [call]"). Nor does Plaintiff's bald allegation that the calls "were made to promote EducationDynamics online education services" show that EDDY physically placed the calls at issue. *See Wick v. Twilio Inc.*, No. C16-00914RSL, 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017) ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product."). Because Plaintiff fails to allege facts that EDDY physically placed the calls, Plaintiff fails to state a plausible claim for direct liability under the TCPA.

### C. Plaintiff Pleads No Facts To Establish A Vicarious Liability Claim.

As noted above, it is not clear whether Plaintiff alleges that EDDY is directly or vicariously liable under the TCPA. To the extent Plaintiff claims EDDY is vicariously liable for calls made by "vendors," her claim fails for the reasons discussed below.

#### 1. *Vicarious Liability Under the TCPA Requires a Special Relationship With and Control Over an Agent by the Alleged Principal.*

Federal courts considering vicarious liability under the TCPA apply common law agency principles. *See, e.g.*, *Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3; *Melito*, 2015 WL 7736547, at *5-6. Agency is a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Id.* (citing Restatement § 1.01 (2006)). Specifically, "[t]he person represented has a right to **control** the actions of the agent." *Id.* at § 1.01, cmt. c (emphasis added).

A plaintiff cannot succeed on an agency theory in the Second Circuit without pleading facts showing an agency relationship. *See Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3

("[A] plaintiff asserting vicarious liability in a TCPA action 'must allege an agency relationship between' the maker of the call . . . and the defendant."); *Melito*, 2015 WL 7736547, at *4-5 ("Plaintiffs must allege some facts regarding the relationship between an alleged principal and agent . . . and cannot simply allege general control in a vacuum."); *Shcherb v. Angi Homeservices Inc.*, No. 1:19-CV-367-MKV, 2020 WL 2571041, at *2 (S.D.N.Y. May 21, 2020) ("Specific factual allegations regarding agency are required."); *see Jackson*, 88 F. Supp. 3d at 138-39 (dismissing where complaint contained only "conclusory suggestions of 'direction' or 'control' by [defendant]").

Well-established authority in this Circuit, recognizes that vicarious liability cannot attach without the essential element of control. *See Jackson*, 88 F. Supp. 3d at 138 (dismissing vicarious liability claim based on conclusory allegations); *Shcherb*, 2020 WL 2571041, at *2 (dismissing where complaint "[did] not contain a single factual allegation suggesting that HomeAdvisor, Inc. acted as the agent of any of the Moving Defendants when it made the allegedly illegal phone calls to Plaintiff") (collecting cases); *Bank v. All. Health Networks, LLC*, No. 15-CV-213 JG VMS, 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2015), *aff'd*, 669 F. App'x 584 (2d Cir. 2016) (dismissing for failure to plead vicarious liability); *Bank v. Philips Electronics North Am. Corp.*, No. 14–CV–5312 (JG)(VMS), 2015 WL 1650926, at *3 (E.D.N.Y. Apr. 14, 2015) (dismissing where "there are no allegations of fact that establish an agency relationship between Philips and the authorized dealers or any control by Philips over the dealers; *Bank v. Vivint Solar, Inc.*, 2019 WL 1306064, at *4 (dismissing where "Plaintiff does not assert any non-conclusory allegations with respect to Defendant's alleged agency relationship or Defendant's alleged control over its purported agent."); *Evenson v. Northeastern Asset Recovery, Inc.*, 16-cv-1070(ADS)(AKT), 2017 WL 2804937, at *4 (E.D.N.Y. Jun. 27,

2017) (dismissing where complaint lacked "any specific facts plausibly indicating that [defendant] directed and/or exercised control" over the calls "or any other facts which, if proven, would tend to establish an agency relationship"). *Accord Sterling*, 2019 WL 3387043, at *5 (dismissing TCPA claim against parent entity finding insufficient allegations of vicarious liability for acts of subsidiary). The Court should rule similarly here.

### 2. *Plaintiff Pleads No Facts Supporting A Vicarious Liability Theory.*

Not only does she fail to plead a direct liability theory, Plaintiff fails to allege *any* facts explaining *any* connection between EDDY and the "vendor(s)" that may have placed the calls, and therefore has failed to plead a claim for vicarious liability.

As noted above, the Complaint alleges that Plaintiff received calls from an unknown caller with an undisclosed number (Compl. ¶¶ 25-26), which she speculates may be either EDDY or a third party "vendor" calling on EDDY's behalf. *Id.* ¶¶ 2, 25. Aside from the vague reference to a "vendor" relationship, the Complaint alleges no facts supporting any kind of agency relationship. It alleges no facts showing EDDY exerted the necessary element of control over the purported vendor. *See Jackson*, 88 F. Supp. 3d at 139 ("[A]bsent from the [complaint] is any allegation[] that CCL had the power to give 'interim instructions' to Adsource, or any non-conclusory suggestion of 'direction' or 'control' by CCL of Adsource."). *See also Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018) (analyzing factors in holding seller was not vicariously liable for telemarketer's alleged TCPA violations). Further, contrary to any vicarious liability theory, Plaintiff inconsistently alleges that during one of the calls, "EducationDynamics [itself] asked the Plaintiff . . . a series of questions," (Compl. ¶¶ 26, 31), and that "Defendant placed" calls to putative class members, (*id.* ¶ 36). These factual allegations do not show any relationship whatsoever between EDDY and any vendor who may have placed the calls, much less the essential ingredient of control required for a vicarious liability claim.

In short, to the extent Plaintiff seeks to hold EDDY vicariously liable under the TCPA, the Complaint falls woefully short of satisfying federal pleading requirements and should be dismissed for this reason as well.

**D.** **Plaintiff Pleads No Facts Supporting Her Conclusion that the Calls Were Made With a Pre-Recorded Voice or Using an ATDS.**

Regardless of the theory of liability, the Complaint fails to state a TCPA claim because it lacks facts supporting its conclusory allegations that any calls were made using a pre-recorded voice or an ATDS. *See* Compl. ¶¶ 2, 23, 26, 29, 47.

*First*, Plaintiff offers only unsupported conclusions regarding the use of pre-recorded messages without any supporting facts. Plaintiff alleges that EDDY's telemarketing "includes the use of pre-recorded messages," EDDY or a vendor "sent her pre-recorded telemarketing calls," "[t]he pre-recorded messages did not identify the defendant," and Plaintiff heard "a series of pre-recorded messages." *Id.* ¶¶ 2, 23, 26, 29; *see also id.* ¶¶ 41(a) (identifying common question as whether EDDY "used pre-recorded messages"), 49 (seeking injunctive relief "prohibiting [EDDY] from using pre-recorded messages"), Relief Sought, Section F (same). This is the sum total of Plaintiff's allegations concerning the use of pre-recorded messages. *See Trumper v. GE Capital Retail Bank*, Civ. No. 2:14–cv–01211 (WJM), 2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing where Plaintiff plead "no factual allegations suggesting that the voice on the other end of the line was prerecorded").

*Second*, while Plaintiff references autodialed calls, allegations supporting ATDS use are non-existent. Plaintiff seeks to recover for a violation of the TCPA's provision "prohibiting autodialed calls" based on the purported "us[e] [of] an automatic telephone dialing a pre-recorded message," but fails to allege that the calls were placed using an ATDS, much less with supporting facts. *See* Compl. at 7 (Count One); *id* ¶ 47; *see generally id.* ¶¶ 23-34. Rather,

Plaintiff merely regurgitates the TCPA's prohibition on the use of an ATDS without the call recipient's prior express consent. *See id.* ¶ 11; *see also id.* ¶ 12.

Allegations devoid of facts are insufficient to state a claim under the TCPA. *See, e.g.*, *Sterling v. Securus Techs., Inc.*, No. 3:18-CV-1310 (VAB), 2020 WL 2198095, at *7 (D. Conn. May 6, 2020) ("Plaintiffs have not provided any ***factual detail*** to support an inference that an automatic telephone dialing system, artificial or prerecorded voice was used.") (emphasis added); *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349 ILG JMA, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (dismissing where complaint "simply parrot[ed] the statutory language" but failed to "permit an inference that they were made using an ATDS"); *Snyder v. Perry*, No. 14–CV–2090 (CBA)(RER), 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015) (Plaintiff "must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it *plausible* that they were using an ATDS.") (citing *Baranski*, 2014 WL 1155304, at *6) (emphasis in original). *See generally Iqbal*, 556 U.S. at 678 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

*Third*, the Complaint provides no facts from which one could infer that the calls at issue were anything but ***live calls***. Indeed, as noted above, Plaintiff alleges that she "engaged the telemarketer" which suggests a call by a live person, ***not*** a pre-recorded message or ATDS. Compl. ¶ 27. This inconsistency undermines Plaintiff's claim. *See, e.g.*, *Aaronson v. CHW Grp., Inc.*, No. 1:18-cv-1533, 2019 WL 8953349, at *3 (E.D. Va. Apr. 15, 2019) (allegations suggesting plaintiff spoke to a "live, human representative" was insufficient to infer that call was prerecorded) (citing *Trumper*); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) ("On the four occasions Defendant made phone calls to Plaintiff, Plaintiff

alleges that he *spoke* with Defendant's representatives, which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice.") (emphasis added); *Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) ("[T]he only pertinent fact [plaintiff] includes about the two calls—that he *spoke* to a live human, []—undercuts his conclusory assertion that defendants used an ATDS") (emphasis added); *Curry v. Synchrony Bank, N.A.*, No. 1:15CV322–LG–RHW, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (dismissing where plaintiff had "'not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'") (quotation omitted). As such, the claims are insufficient for this additional reason and Plaintiff has failed to state a plausible TCPA claim.

## V. PLAINTIFF'S IMPROPER ALLEGATIONS SHOULD BE STRICKEN PURSUANT TO FED. R. CIV. P. 12(F).

Should the Complaint survive dismissal, the Court should strike Plaintiff's improper allegations under Rule 12(f) so as to thwart her attempts to interject immaterial, impertinent, and prejudicial allegations. *See* Compl. ¶ 33.

Under Fed. R. Civ. P. 12(f), this Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from the Complaint. Courts may grant motions to strike where the allegations challenged have no real bearing on the issues in the case and are likely to prejudice the movant." *Walczak v. Pratt & Whitney*, No. 3:18-CV-563 (VAB), 2019 WL 145526, at *2-3 (D. Conn. Jan. 9, 2019) (granting motion to strike where the allegations "would not be admissible," "would prejudice" defendant, and "have no real bearing on the issues in the case"); *see also Impulsive Music*, 2008 WL 4998474, at *2; *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005) (noting that immaterial matter "has no essential

or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issue").

Further, courts have recognized that anonymous internet commentary is a proper subject for a motion to strike. *See, e.g.*, *Roberts v. Target Corp.*, No. CIV-11-0951-HE, 2012 WL 12848199, at *3 (W.D. Okla. Dec. 5, 2012) (granting motion to strike exhibit containing anonymous posts on an internet chat-room forum); *McReynolds v. Lowe's Cos. Inc.*, No. CV08–335–S–EJL, 2008 WL 5234047, at *7 (D. Idaho Dec. 12, 2008) (striking affidavit containing "internet print-outs"). In fact, numerous courts have opined on the inefficacy of internet commentary. *See, e.g.*, *Ganske v. Mensch*, No. 19-CV-6943 (RA), 2020 WL 4890423, at *4 (S.D.N.Y. Aug. 20, 2020) (stating "the Internet is akin to the Wild West" and that "statements made in online forums" where "people typically solicit and express opinions" and "air concerns about any matter" constitute opinions rather than facts) (internal citations omitted). *See also In re Easysaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (noting that information from the internet does not "bear an indicia of reliability") (citations omitted); *Nordstrom, Inc. v. NoMoreRack Retail Grp., Inc.*, No. C12–1853–RSM, 2013 WL 1196948, at *13 (W.D. Wash. Mar. 25, 2013) ("The majority of complaints are from anonymous [i]nternet users that have posted on various blogs and forums online ... designed to facilitate negative feedback from disgruntled customers or even competitors, who can write multiple reviews across multiple forums. . . [this] evidence is not persuasive"); *Trademark Properties, Inc. v. A & E Tel. Net.*, C.A. No. 2:06–cv–2195–CWH, 2008 WL 4811461, at *2, n. 2 (D.S.C. Oct. 28, 2008) ("The accuracy and reliability of information from the [i]nternet is highly questionable."); *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 774-75 (S.D. Tex. 1999) (noting that the

internet is "one large catalyst for rumor, innuendo, and misinformation," with "no way of verifying authenticity of alleged contentions").

In this regard, Paragraph 33 of the Complaint contains numerous impertinent and immaterial allegations that should be stricken. Plaintiff refers to a purported former employee's *anonymous* review posted on a *third party website* that she suggests is reflective of the "cold call nature of the Defendant's program," but this internet innuendo is not tied to Plaintiff's claims in any way. *See* Compl. ¶ 33. To begin, the anonymous post has "no bearing" on the subject of the Complaint. *See Walczak*, 2019 WL 145526, at *3 (striking allegations that "ha[d] no bearing" on defendant's alleged liability). Further, this review—from what purports to be from a disgruntled former employee—is prejudicial as it simply intends to "inflame the reader" by presenting a biased view of EDDY that has no bearing on the claims at issue. Moreover, its accuracy and reliability is highly questionable. *See In re Easysaver*, *Nordstrom, Inc.*, *Trademark Properties, Inc.*, and *St. Clair*, *supra*; *see Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 512 (S.D.N.Y. 2013).[4]

For these reasons, the Court should strike Paragraph 33 of the Complaint.

## CONCLUSION

For the reasons stated above, Defendant EducationDynamics, LLC respectfully requests that the Court enter an order (i) granting this Motion and (ii) dismissing the Complaint in its entirety, and granting this Motion to strike certain allegations, along with such other, further and different relief as the Court deems just, equitable and proper.

---

[4] In any event, the allegations in Paragraph 33 concerning live calls only further undermines Plaintiff's allegations that the calls were prerecorded. *See* Compl. ¶ 33 (alleging he/she spent time "talking to ppl[*sic*]"); *cf. id.* ¶¶ 2, 23, 26, 29, 41(a), 47, 49.

Dated: August 21, 2020                    EDUCATIONDYNAMICS, LLC

                                          By: */s/ James E. Nealon*
                                              James E. Nealon (ct08161)
                                              WITHERS BERGMAN LLP
                                              1700 East Putnam Avenue, Suite 400
                                              Greenwich, CT 06830-1366
                                              Tel: (203) 302-4100
                                              Fax:  (203) 302-6611
                                              James.nealon@withersworldwide.com

                                              - and -

                                              Christine M. Reilly
                                              (*pro hac vice*)
                                              MANATT, PHELPS & PHILLIPS, LLP
                                              2049 Century Park East
                                              Suite 1700
                                              Los Angeles, CA 90067
                                              Tele: (310) 312-4000
                                              CReilly@manatt.com

                                              Danielle C. Newman
                                              (*pro hac vice*)
                                              MANATT, PHELPS & PHILLIPS, LLP
                                              7 Times Square
                                              New York, NY 10036
                                              Tele: (212) 790-4500
                                              DNewman@manatt.com

                                              *Attorneys for Defendant*
                                              *EducationDynamics, LLC*

## CERTIFICATION OF SERVICE

I hereby certify that on August 21, 2020, the attached Memorandum of Law was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: _/s/ *James E. Nealon*____